Moncure, P.
In January 1872, John M. Canada was indicted in the County court of Halifax for feloniously and maliciously inflicting bodily injuries on J. II. High, with intent to maim, disfigure, disable and kill. There were three counts in the indictment, charging the injuries in a different manner—as 1st. By cutting; 2ndly. By-wounding; and 3dly. By beating, striking, wounding and cutting “him, the said J. H. High, with a certain wagon spoke,” whereby “he, the said John M. Canada, by means of the blows, cuts and wounds inflicted with the said wagon spoke,” “feloniously and maliciously did cause the said J. H. High great bodily injury.” In each of the counts the same technical words of description of the offence are used,- and the only words so used are “ feloniously and maliciously,” and in each of them the act is charged to have been done- “ with intent to maim, disfigure, disable and kill.” In. the first two counts the manner of the injury is described by one only of the acts enumerated in the statute creating the offence, the word used in the first being the word “cut,” and that used in the second being the word, “wound.” In the last count the manner of inflicting-the bodily injury is more minutely and specifically stated.. At the commencement of each of the counts, as is usual,, *901 if not necessary, in every indictment for an offence involving personal violence, it is charged that the ac-cuBed “ did make an assault” upon the party injured.
Afterwards,-to wit: in February 1872, the accused, having been arraigned upon the said indictment, pleaded not guilty thereto, and was tried by a jury, which found a verdict in the following words: “We, the jury, find the prisoner not guilty of the malicious cutting and wounding, as charged in the within indictment, but guilty of an assault and battery, as charged in the within indictment, and assess his fine at five hundred dollars.” Thereupon the prisoner moved the court to arrest the judgment, because the verdict was insufficient. But the court overruled the said motion, and gave judgment against the prisoner for the said fine and the costs of the prosecution; and also that he be imprisoned in the county jail of said county for the period of six months.
Two bills of exception were taken by the accused to the said judgment, and made a part of the record. In the first it is stated “that upon the trial of the cause, the court instructed the jury that, upon the indictment, they could find the prisoner guilty of the offence therein charged, or done maliciously, “with intent to maim, disfigure, disable or kill, and punish him by confinement in the penitentiary not less than one nor more than ten years; or if they believed the acts therein charged were done unlawfully, but not maliciously, with the intent aforesaid, the accused could, at their discretion, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars; or they might find him guilty of an assault and battery, and fine him not exceeding five hundred dollars, and imprisonment at the discretion of the court. And after the jury had rendered their verdict, the accused moved the court to arrest the judgment, on the ground that according to the terms of the statute *902 under which the indictment was found and the accused' tried, to wit: the 9th section of chapter 191 of the Code -*-860, the punishment prescribed for a white person found guilty of unlawfully, but not maliciously, com- . mitting the offences mentioned in said section, is confinement in the penitentiary not less than one nor more than five years, or confinement in the jail not exceeding twelve months, and a fine not exceeding five hundred dollars, at the discretion of the jury, and not a fine alone without imprisonment, as was found by the verdict of the jury.” But the court overruled the motion in arrest of judgment; and the accused excepted.
In the second bill of exceptions it is stated “that upon the trial of this cause, after the jury had rendered their verdict, the court ordered that the prisoner, who is a white man, be confined in the county jail for the term-of six months in addition to the punishment imposed by the jury. And thereupon the prisoner, by counsel, moved the court in arrest of judgment, on the ground that, according to the provisions of the statute” aforesaid, “the punishment prescribed' for a white person found guilty of unlawfully, but not maliciously, committing the offence mentioned in said section, is confinement in the penitentiary not less than one nor more than five years, or confinement in jail not exceeding twelve months and a fine not exceeding five hundred dollars, at the discretion of the jury, and not of the court.” But the court overruled the said last mentioned motion also; and the accused again excepted.
To the said judgment of the said County court the accused obtained a writ of error- from the judge of the Circuit court of said county ; by which last mentioned court the said judgment was affirmed. And to the said-judgment of affirmance the accused obtained a writ of error from a judge of this court; which is- the- case- we now have to dispose of.
The statute under which the accused was indicted is *903 to be found in the Code, page 784, ch. 191, sec. 9, which declares that “if any free person maliciouslyN shoot, stab, cut or wound any person, or by any means cause him bodily injury, with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be punished by confinement in the penitentiary not less than one nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the jury,” &c., “either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding one year, and fined not exceeding five hundred dollars.”
This statute was taken, substantially, from the act of 1847-8, called the “Criminal Code,” ch. 3, sec. 10, Acts of Assembly 1847-8, p. 96, the said tenth section of the said act being a substitute for sections 1 and 2 of chapter 156 of the Code of 1819, entitled “An act to reduce into one act the several acts against malicious or unlawful shooting, stabbing, maiming and disfiguring.” 1 R. C. p. 582. Section 1 of the said chapter was against “unlawful shooting, stabbing, maiming and disfiguring;” and section 2 was against “malicious shooting, stabbing, maiming and disfiguring.”
The invariable practice in prosecutions under the act of 1819 was to insert two counts in the indictment, one charging the offence as having been committed “ unlaiofully,”. in violation of the first section, and the other charging the offence as having been committed “maliciouslyr,” in violation of the second section of the act. And if the jury considered the accused guilty of committing the act charged “ unlawfully,” but not “ maliciously,” they would find him guilty under the first count, and not guilty under the second.
By the present Code, ch. 208, § 29, p. 838, it is provided that “on any indictment for maliciously shooting, stabbing, cutting or wounding a person, or by any *904 means causing him bodily injury, with intent to kill him, the jury may find the accused not guilty of the 0:®'ence charged, but guilty of maliciously doing such act with intent to maim, disfigure or disable, or of unlawfully doing it with intent to maim, disfigure, disable or kill such person.” According to this provision it is only necessary to insert one count in an indictment for any offence named in the 9th section of chapter 191 of the Code, and in that count to charge the act as doné “maliciously.” Under such an indictment the accused may be found guilty generally, or guilty of doing the act charged in the indictment with the intent therein mentioned, “unlawfully,” but not “maliciously,” according to the evidence.
The indictment in this case was framed in conformity with the provision aforesaid, except that it charges the act as having been done “with intent to maim, disfigure, disable and kill,” and not “with intent to kill” only, as mentioned in the said provision. There are three counts in the indictment, charging the act in different forms; but all of the counts charge it has having been done “maliciously,” and the word “ unlawfully” nowhere occurs in the indictment. Still, by the express terms of the provision aforesaid, it was competent for the jury to have found the accused not guilty of doing the act therein charged “maliciously,” but guilty of doing it “unlawfully.” Though, if the jury had found the accused not guilty of maliciously doing the acts charged in the indictment, with intent as therein mentioned, and had found nothing more, that would have been an acquittal of the whole offence charged, including any offence, whether felony or misdemeanor, of which the accused might have been convicted under the indictment.
It was not only competent for the jury to acquit the accused of “ maliciously” doing the act charged against him, and to convict him of “unlawfully” doing it with *905 intent as aforesaid, both of which offences are felonies; but it was also competent for them to acquit him of the former offence, and to convict him of any other offence substantially charged in the indictment, whether such other offence be felony or misdemeanor. The' Code, chapter 208, section 27, p. 838, declares that “if a person indicted of felony be by the jury acquitted of part and convicted of part of the offence charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.” The offence of assault and battery, which is a mere misdemeanor, is substantially charged in the indictment in this case, the acts which constitute it being part of the felony therein charged.' If the accused had been convicted of the felony, then the misdemeanor would have been merged in the felony. But if the accused was acquitted of the felony, it was competent for the jury to convict him of the misdemeanor, to wit: of the assault and battery substantially charged in the indictment. That this is the true construction of section 27 of chapter 208 of the Code, is fully shown by the case of Hardy and Curry v. The Commonwealth, 17 Gratt. 592. The application of that section to this case is much stronger than it was to that. There, though an assault was expressly charged, a battery was not charged, in terms, in the indictment. Here both assault and battery are expressly and necessarily charged. And if the section does not apply to this case, it is difficult to conceive one to which it would apply.
Then the only question is, did the jury, by their verdict, acquit the accused of the felony and convict him of the assault and battery charged in the indictment? And this is a mere question of the construction of the verdict. "What was the meaning of the jury ?
In my view of the case their meaning is very plain, and their verdict is directly responsive both to the law *906 and the instruction which they received from the court. Under the indictment the jury were authorized by law to convict the accused either of a felony or of a misdemeanor, to wit: assault and battery; each of which offences, or the facts constituting each, are expressly and fully charged in the indictment. And they found him not guilty of the felony, but guilty of the misdemeanor charged as aforesaid. That was the effect, and almost the very words, of their finding. And that such was their meaning is confirmed by all the surrounding circumstances of the case. I say they found him not guilty of the felony charged in the indictment. It is true, they say in their verdict “ not guilty of the malicious cutting and wounding as chargéd in the within indictment.” Is not that equivalent to finding him not guilty of the felony charged in the indictment ? What is the felony charged in the indictment? Is it not, in effect, “the malicious cutting and wounding,” with intent to maim, disfigure, disable and kill? And is not this charge made in the very language of the Code, chapter 208, section 29 ? It is true that the same section authorizes the jury on such a charge to find the accused not guilty of the offence charged, but guilty of unlawfully doing; the act charged, with intent to maim, disfigure, disable or kill. They might have so found, but they did not. They merely found, as to the felony charged, “not guilty of the malicious cutting and wounding as charged in the within indictment,” which was, in effect, a finding of “not guilty of the felony charged in the indictment.” While the Code, chapter 191, section 9, creates two offences, to wit: “malicious” and “unlawful” wounding with intent to kill, &c., both of which are felonies, the Code, chapter 208, section 29-, authorizes the indictment to be so drawn as to charge the act to be done “maliciously,” without using the word “unlawfully,” and authorizes the jury under such an indictment to find the accused guilty of unlawfully doing the act *907 charged with intent, &c. In other words, in such an indictment the word “maliciously” embraces in its meaning the word “unlawfully” also, and a general finding of “not guilty of the malicious cutting and wounding as charged in .the within indictment,” is, in effect, a finding of not guilty of unlawful, as well as of malicious, cutting and wounding, &c. Surely, if the word “malicious” is sufficient in the indictment to embrace the word unlawful, it is sufficient for that purpose in a verdict on such an indictment. Beyond all question, a verdict which negatives a charge of felony in the vei’y words in which the charge is made must be a sufficient finding of not guilty of the whole felony~charged„ unless, indeed, there be in the same verdict an express finding against the accused of some particular felony embraced in the charge, either actually or by provision of law.
But it is contended that in this case the jury did not only find the accused not guilty of the “ malicious” cutting and wounding as charged in the indictment, but also, in effect, found him guilty of “unlawfully” doing the act therein charged, with intent to maim, disfigure, disable and kill.
The words of the verdict, after finding “ the prisoner not guilty of the malicious cutting and wounding, as charged in the within indictment,” are “ but guilty of an assault and battery, as charged in the within indictment, and assess his fine at five hundred dollars.”
It seems to be strange to argue that the jury intended to convict the accused of a felony, when they expressly convicted him of a misdemeanor—that is, of an assault and battery; and perhaps still more strange, that such an argument should be made by the counsel of the accused. If they had intended to convict the accused of a felony other than the doing of the act charged with the intent charged, “ maliciously”—iu other words, of doing it “unlawfully”—there was a plain mode of such con *908 viction, and that mode was expressly prescribed by the statute, Code chapter 208, § 29, to wit: by finding him “ guilty of unlawfully doing the act with intent to maim, disfigure, disable or kill.” Instead of that they expressly find him “guilty of an assault and battery.”
blow, it was just as competent for the jury to find the accused guilty of an assault and battery under the said indictment, according to the Code, chapter 208, § 27, as it was for them to find him guilty of unlawfully doing the act therein charged, with intent as aforesaid, and they found the former in express terms, and not the latter. How, then, can it be said that they meant to find the latter %
It is argued, notwithstanding this express finding of the former, that they meant to find the latter, because they say they find the accused guilty of assault and battery, “as charged in the within indictment;” which words, it is argued, mean that they find him guilty of all the acts charged in the indictment, with all the intents therein charged, except that the acts were not done “maliciously;” and therefore, that they find him guilty of felony in “unlawfully” doing them with the intents aforesaid.
A person cannot be convicted of any offence, even though it be of a misdemeanor, under an indictment for felony, unless the offence, or the acts constituting it, be charged in the indictment. And, therefore, the expressions, “ as therein charged in the indictment,” seem to mean nothing more than the law would imply in their absence. Indeed, they seem to serve an appropriate, if not a necessary, purpose in applying the general words “ an assault and battery,” and making the verdict more certain as to the particular assault and battery of which the accused was intended to be convicted. In fact, these words are used in conformity with the express language of the statute, which authorizes a conviction for misdemeanor under an indictment for felony. That *909 statute declares that a person indicted of felony, and acquitted of part and convicted of part of the offence charged, shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor. Now, when a person indicted of a felony is acquitted of the felony, and convicted of a misdemeanor substantially charged in the indictment, it cannot be inappropriate, to say the least, for the jury expressly to find that the misdemeanor of which they find him guilty is the same which is charged in the indictment.
But great emphasis was laid in the argument on the relative word “as” used in the vei’dict—that is, “of an assault and battery as charged in the within indictment,” and it was contended that that word related to all the acts and intents charged in the indictment, except that the acts were done with a malicious intent; and, therefore, that the acts and intents thus found by the jury constituted the felony of unlawfully doing the said acts with the said intent.
I think too much effect js thus given to this little word “as” in this connection. I do not think it was intended to alter the sense of the other words used in connection with it. I do not think it was intended to be a substitute for the express finding of an unlawful wounding with intent to maim, disfigure, disable or kill, in the form which the statute sets forth; nor that it was intended to contradict the express finding of an assault and battery, with which it is immediately connected; nor to qualify the general finding of not guilty of the felony charged in the indictment. I think it relates for its antecedent only to the words ‘5 an assault and battery” immediately before it, and that the meaning is “of an assault and battery as” it is “ charged in the within indictment.” The jury having found the accused not guilty of the felony as it is charged in the indictment, proceeded to find him guilty, as the statute authorized *910 them to do, of a misdemeanor as it is charged in the indictment. In other words, they found him guilty of *ke ac¡^’ w^hout the quality and the intents charged.in the indictment. Those acts with the quality and intents constituted felony, and without them constituted an assault and battery only.
I think my construction of the verdict is confirmed by the fact that the jury only assess a fine against the accused, and do not ascertain his term of imprisonment in jail, as the law requires in cases of conviction of an unlawful wounding with intent to maim, &c. Code, chapter 191, section 9. As they found him guilty of a misdemeanor only, to wit: an assault and battery, it was proper for them only to assess his fine. They had nothing to do with his imprisonment. Misdemeanors are punishable by fine and imprisonment, except where some other punishment is prescribed by law. Ho other ■punishment is prescribed by law for the offence of assault and battery. On a conviction for a misdemeanor so punishable, it belongs to the jury to assess the fine, and •to the .court to determine whether any imprisonment .shall be superadded to the fine, and if so, to ascertain .the .term of such imprisonment. And the jury in this ■case having found the accused guilty of an assault and battery merely, and assessed his fine, were fundi officii, and therefore, properly abstained from saying anything about his imprisonment, which was a subject exclusively for the consideration and determination of the court.
I think my construction is further confirmed by the fact that the court expressly charged the jury as to the law which should govern their finding, telling them ■what -offences they might find the accused guilty of under the indictment, and what, office they had to perform in regard to the punishment. The correctness of this charge, in point of law, was admitted in the argu.ment, and properly so. The court in this charge, after *911 telling the jury of what felonies they might' convict the accused, and. how they were punishable, and that the quantum of such punishment within the limits prescribed by lawr was ascertainable by the jury, instructed them that, instead of finding him guilty of felony as aforesaid, “ they might find him guilty of an assault and battery, and fine him not exceeding five hundred dollarsand that his imprisonment in that case was to be “at the discretion of the court.” In direct and immediate response to that instruction, the jury found the accused guilty of an assault and battery, as charged in the indictment, and assessed his fine at five hundred dollars, saying nothing about his imprisonment; and the court, perfectly understanding the meaning of the jury, not only rendered judgment for the fine assessed by them and the costs of the prosecution, but also for six months imprisonment, which, in the exercise of the discretion which the law reposed in him, he considered proper.
I thought this a plain case on the statement made of it in the argument, and would not have deemed it proper to deliver so long an opinion in it, but for the ingenious and earnest manner in which it has been argued by the learned counsel for the accused. I am of opinion that there is no error in the judgment, and that it be affirmed.
The other judges concurred in the opinion of Mon-cure, P.
Judgment affirmed.