Moncure, P.,
delivered the opinion of the court.
The offence for which the plaintiff in error was intended to be prosecuted in this case is the offence declared by the Code of 1860, chapter 191, section 9, concerning malicious and unlawful shooting, stabbing, &c. The jury, by their verdict, found the prisoner “guilty of malicious shooting,” and fixed his term of imprisonment in the penitentiary at five years, to which he was accordingly sentenced. And he applied for and obtained from this court a writ of error to the judgment. In his petition for the writ he assigned sundry errors in the said judgment, one of which is, that the verdict found him guilty of no offence at all, having found him guilty merely “of malicious shooting.” The attorney-general rightly ad *646 mitted that this error was well assigned, and that for this-error the judgment would have to be reversed. If this were the only error in the case it would have to be remanded to the Circuit court for new trial to he had therein upon the said indictment.
But the indictment itself is fatally defective, as an indictment for felony, in not charging the offence to have been done “feloniouslyand this also is assigned as an error in the petition. We-think this error, too, is well assigned. There are certain technical terms of description required to be used in the indictment for certain offences which are absolutely necessary to determine the-judgment. Thus the word “feloniously” must be used in every indictment for felony. 1 Chit. C. L. 242 marg.; Davis C. L. 430; 3 Rob. Prac., old ed., 39 ; 2 Va. Ca. 122 Barker's case; 143 Trimble's case; Taylor's case, 20 Gratt. 825. The Code, ch. 191, section 9, does "not expressly declare the offence therein mentioned to be a. felony, but it makes the said offence punishable with confinement in the penitentiary; and all offences so punishable are declared by law to be felonies. Code, ch. 199, section 1. When an offence is so punishable it must be described in an indictment therefor by the term “ feloniously,” whether it be expressly called a felony or not in the law which creates it or makes it so punishable. 2 Va. Ca., 122 and 143, supra. The averment that the-act was done “ feloniously” is so important that the omission of it is an error even after verdict for which the-judgment will be arrested. 3 Rob. Prac., and 2 Va. Ca., supra. And anything which is good cause for arresting a judgment is good cause for reversing it, though no motion in arrest is made. Matthews' and Garner's cases, 18 Gratt. 989.
Therefore the plaintiff in error cannot be convicted of felony on the indictment aforesaid; but in order to his *647 being tried for the felony aforesaid a nolle prosequi may be entered by the attorney for the commonwealth, with the consent of the court, on the said indictment, and a new and proper indictment may be exhibited and found against the said plaintiff for the said felony; on which new and proper indictment he may he tried, notwithstanding the proceedings had upon the old and defective indictment. 2 Rob. Pr., old ed., 127; 2 Va. Ca. 70-111.
The court is, therefore, of'opinion that the said judgmen is erroneous, and ought to be reversed and annulled, and that the verdict should be set aside and the cause remanded to the Circuit court, for further proceedings to be had therein, in conformity with the foregoing opinion.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the verdict found by the jury in this case is fatally defective in finding the prisoner guilty of “malicious shooting” merely, which, in itself, is no offence at all; and if that were the only error in the judgment it would be pi’oper to reverse the judgment, set aside the verdict, and remand the cause for a new trial to be had therein upon the indictment on which the plaintiff in error was formerly tried. But the court is further of opinion that the indictment itself is fatally defective, as an indictment for felony, in not averring that the act therein charged was done “ feloniously;” that the said plaintiff cannot be convicted of felony on that indictment, and that in order to his being tried for the felony intended to be charged against him, to wit: the offence declared by the Code of 1860, chapter 191, section 9, page 784, concerning malicious and unlawful shooting, stabbing, &c., a nolle prosequi may be entered by the attorney for'the Commonwealth, with the *648 consent of the court, on the said indictment, and a new and proper indictment may be exhibited and found against the said plaintiff for the said felony, on which new and proper indictment he may be tried, notwithstanding the proceedings had upon the old and defective indictment.
Therefore it is considered that the said judgment is erroneous, and that the same be reversed and annulled. And it is ordered that the verdict of the jury be set aside and the cause remanded to the Circuit court for further proceedings to be had therein, in conformity with the foregoing opinion.
Judgment reversed.