Anderson, J.,
delivered the opinion of the court.
This is an indictment for an assault and felonious and malicious stabbing, cutting and wounding with intent to maim, disfigure, disable and kill. It was competent for the jury under this indictment not only to have acquitted the accused of maliciously doing the act charged, and to have convicted him of unlawfully doing it with intent as aforesaid, but it was also competent for them to acquit him of the felony and to convict him of a misdemeanor only. Canada’s case, 22 Gratt. 899. The jury by their verdict found “the prisoner guilty of unlawful cutting, as charged in the within indictment, and fix his term of imprisonment at one year in the penitentiary.”
It is assigned as error that the verdict does not find the intent to maim, disfigure, &c., which is necessary to constitute felony. In Canada's case, supra, the verdict was: “¥e, the jury, find the prisoner not guilty of the malicious cutting and wounding, as charged in the indictment.” That was construed to be a finding of not guilty of a felony; and therefore the words “as charged in the indictment ” must have been understood, as' used in that connection, with reference to the intent charged in the indictment and as negativing it. They could not be understood as negativing the act of wounding, for the verdict proceeds: “ but guilty of an assault and battery, as *833 charged in the indictment”—evidently having reference to the act of wounding, and not to the intent, in this connection; because the jury, by the clause just preceding, had negatived the intent by finding that the act of wounding was not felonious; and it was so construed by the court.
"We are of opinion that in this case the language “as charged in the within indictment” has reference both to the cutting and the intent, and that it is a sufficient finding of the intent with which the unlawful cutting was done to meet the requirement of the statute. Randall’s case, 24 Gratt. 644, is not in point, as the verdict of the jury did not refer to the charge as made in the indictment at all.
But it is also assigned as error that the jury were not kept'together, but separated before they rendered their verdict,' and that the court overruled a motion for a new trial on that ground.
The act of assembly which provides for the suitable board and lodging of a jury, when in a criminal case they are kept together beyond the day on which they are impanneled, expressly declares that “where the pun-, isbment cannot be death, or confinement in the penitentiary ten years, the jury shall not be kept together, but shall be treated as jurors in civil cases, unless the court direct otherwise.” (Matthews New Crim. Procedure, p. 91.) If the prisoner had been only indicted for unlawful cutting, with intent, &c., the offence of which he has been convicted by the verdict of the jury and the sentence of the court, the jury could not have been kept together under this law, unless the court- otherwise directed, because for that offence he could not be punished with ten years’ confinement in the penitentiary. And if the court directed that they should be kept together, and its order was not carried out, the court would not' be bound to set aside the verdict for that cause, if it ap *834 proved of the verdict, and was satisfied that it was faii’ly and honestly rendered, and that the commonwealth had received no detriment, and that the prisoner had not been damnified, by the separation of the jury; although it might deem it proper, to maintain the authority of the court, to impose a penalty upon the sergeant or the disobedient juror, whoever was in fault.
But in this case the prisoner was charged by the indictment with malicious cutting, and for that offence he might have been punished with ten years’ confinement in the penitentiary. The court, therefore, very properly charged the sergeant to keep the jury together, although the charge of malicious cutting included the charge of unlawful cutting, an offence for which the prisoner could not be punished with confinement in the penitentiary for ten years. Canada’s case, 22 Gratt. 899. If that was not done, and the jury separated before they rendered their verdict convicting the prisoner with unlawful cutting, with intent, &c., an offence which cannot he punished with more than five years in the penitentiary, is the court bound to set aside the verdict for that cause, whatever may be the state of the case ? And is it error if it does not, for which its judgment must be reversed? Has it no discretion? It may approve of the verdict; may be well satisfied that it is supported by the evidence that the acts charged to have been done •were not done maliciously, but unlawfully, and that therefore the prisoner could not be punished by confinement in the penitentiary ten years; and that, therefore, the offence of which the prisoner was guilty was not an offence upon the trial of which the law required that the jury should be kept together. He is satisfied that the verdict does no injustice to the prisoner or to the commonwealth, but is according, to the very right of the case, and that consequently the jury have acted fairly and honestly, and that if they separated they.could not have been subjected by reason thereof to any improper influ *835 ence, and were not more exposed to such influences than they would have been if the prisoner had been indicted for the offence only of which he is convicted—in which case they would have been permitted by the express terms of the law to separate. These are facts and circumstances under which the court overruled the prisoner’s motion to set aside the verdict and grant him a new trial; and although the court might have deemed it proper, in the maintenance of its authority, to have imposed some penalty upon the sergeant or juror, if it appeared that they disobeyed his instructions, we are of opinion that if the fact is, as alleged by the prisoner, that the jury separated before rendering their verdict, the court was not bound under the circumstances detailed to set aside the verdict, and that the overruling of the motion for that purpose is not an error for which the judgment should be reversed and a venire facias de novo awarded.
Lut the court is further of opinion that the prisoner has wholly failed to set forth any ground for his motion. He has furnished no proof of his allegation that the jury were not kept together. He ought to have furnished evidence of the fact as the basis of his motion, in the shape of affidavits, or some other form. The allegation that he merely offered to prove it, after the court had decided the question and overruled his motion, and refused to reopen the case to hear his testimony, is not sufficient. He ought to have exhibited his testimony and embodied it in a bill of exceptions, so as to put the appellate tribunal m possession of it, that it might judge for itself whether it established what he alleges. Hpon the whole, the court is of opinion that there is no error presented by the record for which the judgment should be reversed. Let it be affirmed.
Christian, J., dissented.
Judgment affirmed.