# WHEELING.

## STATE v. WHITT.

Submitted June 22, 1894.—Decided June 25, 1894.

1. INDICTMENT—FELONY.

An indictment which does not charge the offence to have been "feloniously" committed, is not an indictment for a felony.

2. INDICTMENT—RECORD—GRAND JURY.

It is sufficient, that the record shows, that the indictment found is for either a felony or a misdemeanor; but one of these terms can not be used interchangeably for or construed to mean the other.

3. INDICTMENT—RECORD—GRAND JURY.

When the record fails to how the finding of the indictment by the grand jury, the judgment will be arrested and the indictment quashed.

CAMPBELL & HOLT for plaintiff in error:

I.—*Question of malice.*—76 Am. Dec. 656; 32 Am. Dec. 661; Bish. Crim. Pr. 842; 2 Chit. Crim. L. 23; Whar. Crim. L. (8th Ed.) 1079; 31 Miss. 353; 12 Ired. 329; Bish. Stat. Cr. § 437.

II.—*No Felony alleged in the Indictment.*—24 Gratt. 644; Bish. Stat. Cr. § 439; 3 Rob. Pr. 39; 2 Va. Cas. 122; Id. 143.

B. H. OXLEY sor plaintiff in error:

*Boundary lines between Cabell and Lincoln counties.*—Const. Art. III, s. 14; Acts 1867, c. 61; Acts 1868, c. 119; Id. (Ex. Serr.) c. 92; Acts 1869, c. 56, s. 8; 4 Am. & Eng. Ency. L. 352; Code (1868) c. 39, s. 32 Code (1891) c. 39, s. 18.

Attorney-General T. S. RILEY for the State:

I.—*Not necessary in this case to show malice.*—2 Russ. Cr. 571, 572; 3 Greenl. Ev. (15th Ed.) § 14, n. 1.

II.—*Boundary line.*—37 W. Va. 744.

III.—*Omission from indictment of the word feloniously.*—Code,

c. 145, s. 25 ; 5 W. Va. 510 ; 9 W. Va. 456 ; 24 Gratt. 644 ; 13 W. Va. 859 ; 21 W. Va. 767 ; Id. 796.

DENT, JUDGE :

Hezekiah Whitt was at the February term, 1894, of the Circuit Court of Lincoln county tried, found guilty and sentenced to two years imprisonment in the state penitentiary upon the following indictment :

"State of West Virginia, Lincoln County. Grand jurors of the state of West Virginia, in and for the body of the county of Lincoln, and now attending the said court, upon their oaths present that Hezekiah Whitt, on the 1st day of August, 1892, in the county aforesaid, did maliciously kill one certain beast, towit, one steer, of the value of twenty five dollars, the property of one Vincent Dailey, against the peace and dignity of the state," *etc.*

From such conviction the accused applied for and obtain- a writ of error to this Court.

The first question presented for consideration is : Does the indictment charge a felony ? The offence is not alleged as "feloniously" committed ; hence under the settled law of this state the indictment does not charge a felony, but is manifestly bad for that purpose. *Randall* v. *Com*, 24 Gratt. 644.

The indictment not being good for a felony, could the accused be held to answer for a misdemeanor under it and the record thereof ? The only finding of the grand jury, as disclosed in the record, is an indictment for a felony. It is provided under section 1, c. 152, of the Code that "offences are either felonies or misdemeanors." In the case of *State* v. *Heaton*, 23 W. Va. 774, it was held : "The recording of the finding of the grand jury on the record-book need only describe the offence with which the accused is charged as a felony or a misdemeanor." And on page 780, same case, the law is propounded as follows, to wit : "If the entry should be irreconcilably in conflict with the indictment on which the accused is to be tried, the prisoner could not be properly tried on such indictment, for the record would show that no such indictment had ever been found by the grand jury."

In this case the record shows, that the finding of the grand jury was for a felony, while the indictment presented is not good other than for a misdemeanor; hence there is an irreconcilable conflict between the two, and, treating the record as an absolute verity, it can not be contradicted, and it therefore shows, that no such indictment as is here presented was found by the grand jury; and there being no record of the indictment as for a misdemeanor, it presented a case in which a motion in arrest of judgment, if made, should have been entertained and allowed to prevail.    Errors of this character can be taken advantage of for the first time in this Court.  *Randall* v. *Com., supra.*

For the foregoing reasons, the judgment of the Circuit Court is reversed and annulled, the verdict of the jury is set aside, and the indictment is quashed, and the prisoner discharged from further answering thereto.

---

# WHEELING.

