# Richmond.

## STAPLES V. COMMONWEALTH.

### November 13, 1924.

1. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Amendment—Surplusage—Intoxicating Liquors—Second Offense.*—An indictment duly charged the accused of unlawfully offering, keeping, etc., for sale ardent sprits, and alleged that accused had been previously convicted of transporting ardent spirits, and further alleged, "and the jurors aforesaid, on their oaths aforesaid, do charge that the *transportation* heretofore set out in the first part of this indictment is a second offense." (Italics supplied.) Accused demurred to the indictment and moved to quash it. On motion the prosecuting attorney was allowed to amend the indictment by substituting for "transportation" the word "acts," and by inserting after the words "a second offense, " the words "under the statute," and accused again demurred and moved to quash. The court overruled the demurrer and motion to quash both before and after the amendment.

   *Held:* No error, as the quoted words might be stricken from the indictment, as mere surplusage, and there would remain a complete indictment for the present offense and a complete allegation of the former conviction of unlawfully transporting ardent spirits.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Surplusage.*—Surplusage does not vitiate an indictment which is otherwise good.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*"Feloniously"—Statutory Offense.*—The word "feloniously" is not essential to the validity of an indictment for a statutory felony.

4. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Found by "Jurors"—Case at Bar.*—In the instant case it was assigned as error that the indictment stated on its face that it was found by the "jurors" instead of by the "grand jurors." Only grand jurors can find an indictment, and if there were any merit in the assignment, it was cured by statement in the record that a regular grand jury returned as a "true bill" an indictment against accused.

5. CRIMINAL LAW—*Presence of Accused During Trial—Judgment Entered in the Absence of Accused—Case at Bar.*—In the instant case, after the jury had found their verdict, the accused moved the court for a new trial, which motion the court overruled and the accused excepted. The accused then moved in arrest of judgment, and his counsel

asked for time to present argument on the motion and time was granted, and the accused was bailed to the June term of the court. The motion was argued at the May term of the court, was overruled, and judgment entered against the accused in his absence.

*Held:* Error, as the accused must be present at every stage of a trial for felony when anything is done that may affect his rights, from arraignment until sentence.

6. Criminal Law—*Presence of Accused During Trial—Judgment Entered in the Absence of Accused—Effect on Verdict.*—Where there was no error in anything that occurred prior to the verdict, but after verdict sentence was pronounced in the absence of the accused, the verdict will not be disturbed, but the judgment of the trial court will be set aside and the case remanded to that court with direction to cause the accused to be brought personally before it, and, unless good cause can be shown to the contrary, to enter judgment against the accused on the verdict.

Error to a judgment of the Circuit Court of Albemarle county.

*Reversed and remanded.*

The opinion states the case.

*W. O. Fife* and *Frank C. Moon,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

Burks, J., delivered the opinion of the court.

The accused was found guilty of a second offense under the prohibition law (laws 1918, chapter 388), and was adjudged to pay a fine of $500.00 and to be confined in jail six months.

There were a number of assignments of error, but they were all waived at the hearing except those hereinafter considered.

[1] The indictment, as found by the grand jury, is set forth in the margin.*

The accused demurred thereto and also moved to quash it.   On the motion of the prosecuting attorney, he was allowed to amend it, over the objection of the accused, by substituting the word "acts" for the word "transportation" which we have italicized, and by inserting after the words, "a second offense," the words, "under the statute."   After the amendment, the accused again demurred and moved to quash, but the court overruled the demurrer and motion to quash both before and after the amendment, and this action of the court is assigned as error.

[2] There was no error in the ruling of the trial court. the words, "and the jurors aforesaid, on their oaths aforesaid, do charge that the transportation heretofore set out in the first part of this indictment is a second offense," may be stricken from the indictment as mere surplusage, and there remains a complete indictment for the present offense and a complete allegation of the ormer conviction of unlawfully transporting ardent spirits.   Surplusage does not vitiate an indictment

---

*The jurors of the Commonwealth of Virginia, in and for the county of Albemarle, and now attending the said court, upon their oath present that Charles E. Staples, within one year next prior to the finding of this indictment, on the_____day of_____, in the year one thousand nine hundred and twenty-two, and in the said county, did unlawfully offer, keep, store, and expose for sale ardent spirits; and the said grand jurors do on their oath present that the said Charles E. Staples, on the 16th day of April, 1919, in the Circuit Court of Albemarle county, was duly and lawfully convicted of transporting ardent spirits under an indictment duly found at the December term, 1918, of the said Circuit Court of Albemarle county; and the jurors aforesaid, on their oaths aforesaid, do charge that the *transportation* heretofore set out in the first part of this indictment is a second offense, against the peace and dignity of the Commonwealth of Virginia. Upon the evidence of J. N. Wood and J. Mason Smith, witnesses sworn in open court and sent to the grand jury to give evidence.

"R. T. W. Duke, Jr.,
"Attorney for the Commonwealth.

"Upon the reverse side of the aforesaid indictment appears the following endorsement:

"A True Bill, W. R. Duke, Foreman."

which is otherwise good.    Beale's Crim. Pl. & Pr., sec. 110; *Hawley* v. *Commonwealth*, 75 Va. 847, 850.

[3] It is assigned as error that the indictment is fatally defective because, being for a felony, it failed to allege that the act charged was done "feloniously." Several Virginia cases are cited to support the assignment.    The objection is purely technical, and in *Jolly* v. *Commonwealth*, 136 Va. 756, 118 S. E. 109, we said that we would not in the future follow the doctrine that the word "feloniously" was essential to the validity of an indictment for a statutory felony.    The punishment inflicted by the jury was applicable as well to a misdemeanor as to a felony, and the Attorney-General has argued that the trial was for a misdemeanor only; but the record shows otherwise, and it is not only admitted by the accused, but earnestly insisted by his counsel that the prosecution and conviction was for a felony, and we concur in that view.

[4] It is assigned as error that the indictment states on its face that it was found by the "jurors" instead of the "grand jurors."    Only grand jurors can find an indictment, and if there were any merit in the assignment, it is cured by statement in the record introducing the indictment, in the following words and figures:    "On the first day of December term, 1922, that being Monday, December 4, 1922, a regular grand jury of inquest in and for the aforesaid county of Albemarle, duly sworn as such, after an examination of the witnesses sworn in open court and sent before it to give testimony, returned as a 'true bill' an indictment against the said Charles E. Staples for a felony, charging a second offense in the violation of the prohibition laws of Virginia, which said indictment is in words and figures following, to-wit:"

[5] After the jury had found their verdict, the ac-

cused moved the court for a new trial, which motion the court overruled and the accused excepted. The accused then moved in arrest of judgment, and his counsel asked for time to present argument on the motion and time was granted, and the accused was bailed to the June term of the court. The motion was argued at the May term of the court, was overruled, and judgment entered against the accused in his absence. This was error, as the accused must be present at every stage of a trial for felony when anything is done that may affect his rights, from arraignment until sentence. This subject is fully discussed and the prior cases cited in the recent case of *Noell* v. *Commonwealth*, 135 Va. 600, 115 S. E. 679, 30 A. L. R. 1345.

[6] We find no error, however, in anything that occurred prior to the verdict. The verdict, therefore, will not be disturbed, but the judgment of the trial court will be set aside and the case remanded to that court with direction to cause the accused to be brought personally before it, and, unless good cause can be shown to the contrary, to enter judgment against the accused on the verdict aforesaid.

*Reversed and remanded.*