STATE OF WEST VIRGINIA *ex rel.* ELZA ALVIN REED

*v.*

OTTO C. BOLES,
WARDEN OF THE WEST VIRGINIA PENITENTIARY

(No. 12352)

Submitted July 7, 1964.          Decided July 14, 1964.

CALHOUN, JUDGE, concurring.

*Hoyt N. Wheeler,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

Petitioner, a prisoner in the West Virginia State Penitentiary, invoked the original jurisdiction of this Court by

filing herein his petition asking for a writ of habeas corpus ad subjiciendum. The petitioner alleges that he is illegally confined in the penitentiary inasmuch as the indictment to which he pleaded not guilty, but of which he was found guilty by a jury, did not charge him with the commission of a felony inasmuch as it failed "to charge the crime to have been *feloniously* committed, or in other words if the word *feloniously* is omitted from the indictment" it charged the defendant with the commission of a misdemeanor only, and therefore, that the court was without jurisdiction to enter judgment upon the verdict sentencing him to a term of imprisonment in the penitentiary and he is illegally confined therein upon the commitment by which the warden detains him in such prison. On June 26, 1964, the writ was granted, returnable July 7, 1964. Counsel was appointed for the petitioner and on the return day the attorney general, appearing for the respondent, produced the body of the petitioner, demurred to the petition and upon briefs and oral arguments by counsel the case was submitted for decision.

These are the pertinent provisions of the indictment which was returned by the grand jury of Wyoming County on October 21, 1963, and under which petitioner was convicted and is now confined in the penitentiary: "The Grand Jurors of the State of West Virginia, in and for the body of the County of Wyoming and now attending said Court, upon their oaths present that Elza Alvin Reed, on the 23rd day of September, 1963, in the said County of Wyoming, did maliciously shoot, stab, cut and wound Alfred Forbes and cause him bodily harm with intent to maim, disfigure, disable or kill the said Alfred Forbes, . . . ."

The respondent, by his demurrer, admits the pertinent allegations of the indictment and therefore there is no question of fact to be determined herein. The only question presented is whether a defendant may be confined in the penitentiary of this state upon conviction under an indictment which does not contain the word "felonious" or "feloniously."

This case is controlled by the comparatively recent decisions of this Court in *State ex rel. Robert Vandal* v. *Adams,*

145 W. Va. 566, 115 S. E. 2d 489; *State ex rel. Melvin Gerst v. Adams,* 145 W. Va. 580, 115 S. E. 2d 496; and *State ex rel. John Soto* v. *Adams,* 145 W. Va. 591, 115 S. E. 2d 497. However, a review of the former pertinent decisions of this Court and of the applicable statutory provisions is indicated. By its express terms Code, 61-2-9, provides only for two felonies—(1) malicious wounding, the penalty for which is confinement in the penitentiary for not less than two nor more than ten years; and, (2) unlawful, but not malicious, wounding, the penalty for which is, in the discretion of the Court, confinement, in the penitentiary for a term of not less than one nor more than five years or confinement "in jail not exceeding twelve months and fined not exceeding five hundred dollars." This is the third syllabus point of *State* v. *King,* 140 W. Va. 362, 84 S. E. 2d 313: "Notwithstanding that the crime of assault and battery is not expressly included in the provisions of Code, 61-2-9, providing for the crimes of malicious wounding and unlawful wounding, the penalties therefor, and that such crimes shall constitute felonies, a conviction for assault and battery, under the provisions of Code, 62-3-14, may be had in a prosecution for the crime of malicious or unlawful wounding provided for in Code, 61-2-9." This sentence is contained in Code, 61-11-16, as amended, under the heading, "Term of Imprisonment for Felony; Indeterminate Sentence.— . . . The term of imprisonment in jail where that punishment is prescribed in the case of conviction for felony, shall be fixed by the court."

In *State* v. *Craft,* 131 W. Va. 195, 47 S. E. 2d 681, the defendant was indicted for malicious or unlawful assault under the provisions of Code, 61-2-9. The jury found him not guilty of malicious and unlawful assault but found him guilty of assault and battery and the trial court fined him one hundred dollars and costs and sentenced him to thirty days in the county jail. That conviction was unanimously affirmed by this Court. This statement is contained in the opinion of the Court: "The plaintiff in error contends that the trial court erred in declining to grant the motion of the accused to set aside the verdict and grant him a new trial because no conviction for assault and battery can be upheld

under an indictment for a violation of the provisions of Code, 61-2-9, assault and battery not being included in the provisions of Code, 62-3-16, contended by the plaintiffs in error to be the applicable statutory provision. Conceding that this question was properly raised before the trial court, which we think is extremely doubtful, the contention of the plaintiff in error lacks merit because of the provisions of Code, 62-3-14, this Court having held in *State* v. *Smith,* 130 W. Va. 183, 43 S. E. 2d 802, that under an indictment charging a felony under the provisions of Code, 61-2-9, a verdict for the misdemeanor of simple assault may be sustained."

Code, 62-3-14, provides that "If a person indicted for a felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced by the court for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor." In *State of West Virginia* v. *Smith, et al.,* 130 W. Va. 183, 43 S. E. 2d 802, a judgment of the trial court upon a jury verdict of guilty of assault and battery was reversed only because of the giving of a prejudicial instruction. This is the first syllabus point of that case: "In a felony indictment it is necessary to charge that the acts alleged to have been done by the accused were done 'feloniously'." The indictment was drafted under the provisions of Code, 61-2-9, and in discussing the construction of that statute the Court said: ". . . The fact that under Code, 62-3-14, a misdemeanor verdict may be returned and that the court may instruct the jury, as here, concerning only a misdemeanor conviction because in its judgment the evidence justifies that only, does not alter the fact that trial under an indictment drafted in the language of Code, 61-2-9, must be regarded as a felony prosecution. That would be our opinion in this instance were it not for the fact that the indictment fails to allege that the acts charged to have been done by the accused were committed 'feloniously.' Under our West Virginia cases the word 'feloniously' is regarded as a word of art, necessarily used in a felony indictment to inform the accused, definitely and positively, concerning the nature of the charge that he will be required to answer, as well as its general classification as to possible punishment.

*State* v. *Vest,* 21 W. Va. 796, 806; *State* v. *Whitt,* 39 W. Va. 468, 19 S. E. 873. We therefore conclude that since in this matter there could not have been a trial for a felony because not charged, that the proceeding must be regarded as a trial for a misdemeanor and that hence the principle of the *Belcher* case does not apply. However, for reasons to be stated in what follows, we are of the opinion that the objection to State's Instruction No. 1 was sufficiently specific to point out what we believe to be prejudicial error therein." See also *State* v. *Harr,* 38 W. Va. 58, 17 S. E. 794.

Code, 61-11-1, as amended, reads, in part, as follows: Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." The indictment heretofore quoted is not void inasmuch as it charged the defendant with a misdemeanor, assault and battery, but it did not charge the defendant with a felony inasmuch as neither the word "felonious" nor the word "feloniously" is contained therein. In *State ex rel. Vandal* v. *Adams,* 145 W. Va. 566, 115 S. E. 2d 489, this statement is quoted from *Barker* v. *Commonwealth,* 2 Va. Cas. 122, decided in 1817: "It seems, therefore, to be too late, even if there was some ground for doubt, to unsettle this question, and thereby set aside a practical construction of these Laws of so long standing, and disturb all the Cases which have been decided under it. A majority of the Court are, upon the whole, of opinion, that it is error in not alleging that the taking of bank notes in the Indictment mentioned, was done feloniously." This Court is of the view that in the year 1964 it is still too late to question this line of decisions and disturb the salutary doctrine of *stare decisis.*

For the reasons stated herein the sentence, judgment and commitment to a term of imprisonment of one to five years in the penitentiary, based on the indictment herein, are void and the prisoner is illegally detained by the respondent in the penitentiary of this state. The writ will be awarded directing that the respondent release the prisoner from further confinement in the penitentiary.

*Writ awarded.*

CALHOUN, JUDGE, concurring:

*State ex rel. Robert Vandal* v. *Adams, Warden, etc.,* 145 W. Va. 566, 115 S. E. 2d 489, *State ex rel. Melvin Gerst* v. *Adams, Warden, etc.,* 145 W. Va. 580, 115 S. E. 2d 496 and *State ex rel. John Soto* v. *Adams, Warden, etc.,* 145 W. Va. 591, 115 S. E. 2d 497 involved three persons jointly indicted for a felony. By the decisions in those cases, this Court, by habeas corpus, released three men from the state penitentiary merely because the indictment failed to charge that the offense was committed "feloniously." In a dissenting opinion in the *Vandal* case, I undertook to state the reasons for my earnest belief that the majority opinion was indefensible from the standpoint of law, reason, common sense or reality. I still entertain the same belief just as earnestly as before.

The opinion in the present case quotes from the Virginia case of *Barker* v. *Commonwealth,* decided in 1817, for the proposition that "it is error" to omit the word "feloniously" from a felony indictment. In justice to the court which rendered that decision, I feel that it should be observed that the same court, more than a century later, has renounced that proposition and has held that it is not even "error" to fail to charge in an indictment for a statutory felony that the offense was committed feloniously, unless such word constitutes a part of the statutory definition of the offense. *Jolly* v. *Commonwealth,* 136 Va. 756, 118 S. E. 109; *Staples* v. *Commonwealth,* 140 Va. 583, 125 S. E. 319. So, I believe, the flimsy foundation upon which the *Vandal* case was doubtfully constructed has crumbled. With assurance, I assert that the *Vandal* case is without precedent in this state or Virginia for the proposition that, in the absence of a demurrer, motion to quash, appeal or any other direct proceeding, a court is required, in a collateral attack by habeas corpus, to release a prisoner from the penitentiary merely because of the failure of the indictment to charge that the felony clearly alleged was committed "feloniously." I seriously doubt that there is substantial precedent for the *Vandal* case anywhere in this land or in England. By that decision, I fear that we may enjoy the unenviable distinction

of being heedless pioneers in a trackless area of empty technicality.

I concur, nevertheless, in the opinion in the present case merely because I feel that it states the law of this state as established by the majority opinions in the three previous cases to which I have referred.