STATE EX REL. LARRY R. HARDING

*v.*

OTTO C. BOLES, *Warden*
WEST VIRGINIA PENITENTIARY

(No. 12561)

Submitted April 19, 1966     Decided May 17, 1966

CALHOUN, JUDGE, concurring.

*Jack R. Nuzum,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

The petitioner, Larry R. Harding, seeks a writ in this original habeas corpus proceeding to compel the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from the penitentiary of this State where he is presently confined under a judgment of the Circuit Court of Taylor County rendered October 15, 1964, for a term of not less than one year nor more than ten years upon his conviction in that court of the felonious offense of grand larceny.

On April 19, 1966, the return day of the writ previously issued by this Court, the defendant produced the petitioner in this Court and filed his return to the petition, in which return the defendant charged that the petitioner was legally confined in the penitentiary under the above mentioned judgment of the Circuit Court of Taylor County. This proceeding was then heard by this Court upon the petition and exhibits filed with the petition, the return of the defendant and exhibits filed with the return which exhibits contain a copy of the indictment against the petitioner, and upon the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

At the September Term, 1964, of the Circuit Court of Taylor County the grand jury attending that court returned an indictment against the petitioner which charged that in July 1964 he did unlawfully steal, take and carry away a certain motor vehicle of the value of $500.00 of the goods and chattels of Donald Setler. On September 21, 1964, the petitioner, attended by an attorney appointed by the court to represent the petitioner, entered his plea of guilty to the

offense charged in the indictment and on October 15, 1964, he was sentenced to confinement in the penitentiary of this State for the above mentioned period of not less than one year nor more than ten years, less the period of seventy nine days during which he was confined in the jail of Taylor County, and to pay the costs of the prosecution.

The petitioner contends that the indictment returned against him is not a valid indictment for a felony; that his sentence of confinement of one year to ten years for such felony is void; that he has served the maximum term of imprisonment for a misdemeanor; and that he is entitled to be released from his present confinement. The contention of the petitioner is well founded.

The decision in this proceeding is controlled by the decision of this Court in the recent habeas corpus proceeding of *State ex rel. Reed v. Boles,* 148 W. Va. 770, 137 S. E. 2d 246. In that case this Court, following its decisions in *State ex rel. Soto* v. *Adams,* 145 W. Va. 591, 115 S. E. 2d 497; *State ex rel. Gerst* v. *Adams,* 145 W. Va. 580, 115 S. E. 2d 496; *State ex rel. Vandal* v. *Adams,* 145 W. Va. 566, 115 S. E. 2d 489; and *State v. Smith,* 130 W. Va. 183, 43 S. E. 2d 802, held that an indictment which charged that a defendant did maliciously shoot, stab, cut and wound a designated person and caused him bodily harm with intent to maim, disfigure, disable or kill such person, but which omitted to charge that such acts were done feloniously, failed to charge the defendant with the felonious offense of malicious or unlawful wounding, and that a sentence, judgment or commitment to a term of imprisonment to the penitentiary for the offense of unlawful wounding, based upon such indictment, was void. Under the foregoing holding of this Court the indictment against the petitioner was not a good or sufficient indictment for the felonious offense of grand larceny and the sentence of imprisonment imposed by the Circuit Court of Taylor County, by its judgment of October 15, 1964, is void and unenforceable and, in consequence, the petitioner is entitled to be forthwith discharged from such confinement under the writ awarded in this proceeding. An indictment which charges that the defendant did unlaw-

fully steal, take and carry away a certain motor vehicle of the value of $500.00 of the goods and chattels of a designated person, but which omits to charge that such acts were done feloniously, is insufficient to charge the defendant with the felony of grand larceny; and a judgment imposing a term of imprisonment in the penitentiary for the crime of grand larceny, based on such indictment, is void and unenforceable.

."A writ of habeas corpus ad subjiciendum will lie to effect the release of one imprisoned in the State Penitentiary without authority of law." Point 1, syllabus, *State ex rel. Reed* v. *Boles*, 148 W. Va. 770, 137 S. E. 2d 246; point 1, syllabus, *State ex rel. Vandal* v. *Adams*, 145 W. Va. 566, 115 S. E. 2d 489.

*Prisoner discharged.*

CALHOUN, JUDGE, concurring:

· While I earnestly but respectfully challenge the soundness of the decision embodied in the Court's opinion in this case, I concur merely because I feel such decision is controlled by *State ex rel. Vandal* v. *Adams*, 145 W. Va. 566, 115 S. E. 2d 489, though I am of the opinion that the decision in that case was totally lacking in precedent for its justification. The reasons for my disagreement were stated in my dissenting opinion in the *Vandal* case, and my subsequent concurring opinion in *State ex rel. Reed* v. *Boles*, 148 W. Va. 770, 137 S. E. 2d 246.