COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


KENNY MURPHY
                                        MEMORANDUM OPINION* BY
v.    Record No. 0552-01-1          JUDGE RUDOLPH BUMGARDNER, III
                                             APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                         D. Arthur Kelsey, Judge

            Robert O'Neill, Public Defender (Office of
            the Public Defender, on brief), for
            appellant.

            Amy L. Marshall, Assistant Attorney General
            (Randolph A. Beales, Attorney General;
            Richard B. Smith, Senior Assistant Attorney
            General, on brief), for appellee.


     Kenny Murphy appeals the revocation of a suspended sentence

and the order to serve two years in prison.  He contends the

sentence is void because the court imposed it when he was not

present in violation of Code § 19.2-259.  Finding no error, we

affirm.

     The defendant was convicted in 1999 of distribution of

cocaine and received a sentence of five years with three years

and ten months suspended.  Two years later, he was convicted of

possession of cocaine.  At a revocation hearing January 11,

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

2001, in the defendant's presence, the trial court revoked two years of his 1999 suspended sentence. The court also vacated the balance of one year and ten months of that sentence.

The Commonwealth moved for reconsideration arguing the trial court lacked authority to vacate any part of the original sentence. On January 23, 2001, the trial court held another hearing in the defendant's presence. It vacated its order of January 11, 2001 and took under advisement the motion to reconsider vacation of the one-year and ten-month suspension. The trial judge stated, "I'll have a final order that you may appeal in about a week." Neither the defendant nor his counsel objected to the procedure.

By letter opinion dated February 5, 2001, the trial court granted the Commonwealth's motion to reconsider. The judge ordered the clerk to prepare an order reciting that the defendant had violated probation and that the court revoked his three-year and ten-month suspended sentence, ordered the defendant to serve two years, and re-suspended one year and ten months. The clerk prepared the order, and the trial court entered it February 9, 2001.

By letter dated February 7, 2001, defense counsel requested the new sentence "be announced in open court in the presents [sic] of the defendant." The trial court held a hearing February 15, 2001, and the defendant and counsel were present. The defendant asked the trial court to explain the fact that the

-

sentence was more stringent and to announce it in open court. The trial court explained its decision and the sentence, and asked the defendant if he understood. The defendant stated, "I understand." After offering allocution, the trial court reaffirmed its decision contained in the February 9, 2001 order.

The defendant made no objection when the trial court announced it would take under advisement the issue of vacating the suspended sentence and notify counsel of its decision. The defendant never objected to the February 5, 2001 ruling. In response to the defendant's request, the court held a hearing and explained the decision to the defendant in open court. The trial court granted the defendant that which he requested and that to which he was entitled.

A defendant has the right to be present at all stages of a criminal trial when his interests can be affected, Jones v. Commonwealth, 227 Va. 425, 428, 317 S.E.2d 482, 484 (1984) (defendant can waive right to be present at view of crime scene), which would include these revocation proceedings. Brittingham v. Commonwealth, 10 Va. App. 530, 533-34, 394 S.E.2d 336, 338-39 (1990) (defendant had right to be present at in camera review of witness during motion to quash show cause order for probation violation).

The procedure followed in this case is similar to that approved in Newberry v. Commonwealth, 191 Va. 445, 459, 61 S.E.2d 318, 325 (1950). In Newberry, the trial judge took a

-

motion to set a verdict aside under advisement.  The judge ruled by letter opinion and informed counsel of his decision.  Later in court and in the defendant's presence, the judge informed counsel that he had denied the defendant's motion, pronounced sentence, and entered final judgment.

The procedure Newberry approved comports with the procedure mandated in Staples v. Commonwealth, 140 Va. 583, 587, 125 S.E. 319, 321 (1924).  The Court held the trial court erred when it heard argument on the defendant's motion in arrest of judgment, overruled it, and entered judgment in his absence.  The Court remanded the case "with direction to cause the accused to be brought personally before [the trial court], and . . . to enter judgment against the accused on the verdict."  Id.

In this case, the trial court proceeded in accordance with Newberry.  The trial court took the issue of its power to vacate a previously suspended sentence under advisement.  After ruling by letter opinion, it held a further hearing, announced its decision, and pronounced final judgment in the defendant's presence.  The trial court did not sentence the defendant in his absence.  Accordingly, the judgment is affirmed.

Affirmed.

-