599 S.E.2d 624

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Jimmie Meccya WILLIAMS, Defendant Below, Appellant.**

No. 31569.

Supreme Court of Appeals of West Virginia.

Submitted: March 9, 2004.

Filed: May 13, 2004.

202

Jennifer McGinley, Esq., Ballard–McGinley, PLLC, Morgantown, for Appellant.

Darrell V. McGraw, Jr. Esq., Attorney General, Colleen A. Ford, Esq., Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on October 15, 2002. Pursuant to that order, the appellant and defendant below, Jimmie Meccya Williams, was sentenced to two consecutive terms of one to five years imprisonment for two felony convictions of third degree sexual assault.[1] In this appeal, the appellant contends that his convictions violated the double jeopardy clause of both the West Virginia and United States Constitutions. He further asserts that the circuit court erred by admitting wiretapping evidence during his trial in violation of W.Va.Code § 62–1D–3 (1987) and 18 U.S.C. § 2511 (1996). Finally, the appellant claims that the circuit court erred by not granting him credit against his sentence for time already served.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the circuit court's final order is affirmed.

## I.

### FACTS

The appellant was indicted on September 26, 2000, by a Kanawha County grand jury and charged with two counts of sexual assault in the third degree. The events giving rise to these charges began in early February 1999, when the appellant first met the victim, V.B.,[2] a fifteen-year-old girl, at a skating rink in Richwood, Nicholas County, West Virginia. V.B. was a friend of the appellant's son. Over the next few weeks, the appellant and the victim met and talked frequently. V.B. told the appellant that she was having difficulties with her parents, and the two eventually made a plan for V.B. to run away from home.

In the early morning hours of February 22, 1999, V.B. packed her bags and left a note for her father and stepmother saying that she was leaving home. V.B. went to the appellant's car which was located outside of his mother's residence in Richwood. The car had been left unlocked by the appellant, and V.B. climbed into the back seat and hid under a blanket. A short time later, the appellant came out of his mother's home, got in his car, and drove away. V.B. stayed hidden in the back seat until they were outside of Richwood. The appellant and V.B. went to the appellant's apartment in Charleston, West Virginia.[3] V.B. stayed with the appellant at his apartment until March 3, 1999, when he took her back to Richwood. While at the apartment, the appellant and V.B. engaged in consensual sexual intercourse.

When V.B. arrived back home, she would not tell her parents where she had been. However, V.B.'s parents had heard rumors that she was with the appellant. About a month after returning home, V.B. finally told her parents that she had been with the appellant.[4] Thereafter, V.B. related the details of her disappearance to the state police. V.B.'s stepmother then signed a "Consensual Monitoring Agreement" which allowed a wire

---

1. As discussed herein, the appellant is also serving a one to ten year sentence for a conviction of abduction. He was ordered to serve his sentences for the third degree sexual assault convictions consecutive to the sentence for the abduction conviction.

2. Since the victim is a minor, we will follow our traditional practice of using initials to identify her instead of her full name. *See In the Matter of Jonathan P.,* 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

3. That evening, the appellant and V.B. drove to Grayson, Kentucky, where V.B. placed a call to her parents. V.B. did not tell her parents that she was with the appellant. She knew that her parents had a caller identification system, and she wanted them to believe that she was heading west.

4. V.B. said she initially lied about the appellant being involved in her disappearance because she believed that he was in love with her and she wanted to marry him. V.B. said she decided to admit that she had been with the appellant after she learned that he was involved with another minor.

tap to be placed on her phone. The next time the appellant called V.B., the phone call was recorded using equipment provided by the police. During that phone conversation, the appellant asked V.B. if she was pregnant. He also told her repeatedly that he "loved her" and "missed her."

Subsequently, a Nicholas County grand jury indicted the appellant for felony abduction, and he was found guilty of the charge following a jury trial on December 15, 1999. By order entered on March 14, 2000, the appellant was sentenced to a one to ten year term of imprisonment in the West Virginia State Penitentiary for his conviction. Thus, the appellant was already incarcerated when he was indicted by the Kanawha County grand jury for third degree sexual assault in September 2000.

The appellant's trial on the third degree sexual assault charges began on April 1, 2002, and lasted three days. During the trial, the phone conversation between the appellant and V.B. was presented to the jury. The appellant was found guilty of both charges, and on October 15, 2002, he was sentenced to two consecutive terms of one to five years imprisonment. Thereafter, the appellant filed a motion for reconsideration of his sentence which was denied. This appeal followed.

## II.

## STANDARD OF REVIEW

▮▮▮ As noted above, the appellant has presented three assignments of error. With regard to his double jeopardy claim, we will apply a *de novo* standard of review. *See* Syllabus Point 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996) ("[A] double jeopardy claim [is] reviewed *de novo.*"). We apply the same standard of review to the appellant's challenge to the admission of the

5. Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

6. Article III, Section 5 of the West Virginia Constitution provides, in pertinent part, "[N]or shall

wiretapping evidence because it involves the interpretation of statutes. *See* Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

▮▮▮ Finally, we note that, generally, sentences imposed by the trial court are not subject to appellate review. Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504(1982). Nonetheless, this Court has determined that appellate review is warranted where it is alleged that the penalty was imposed for impermissible reasons or was beyond the statutory limits.[5] *State v. McClain*, 211 W.Va. 61, 64, 561 S.E.2d 783, 786 (2002).

> Once an appropriate basis for review is established, this Court applies a three-prong standard of review to issues involving motions made pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure: "We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, in part, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

*Id.* With these standards in mind, we now consider whether the circuit court committed reversible error.

## III.

## DISCUSSION

▮▮▮ The appellant first contends that his convictions violated the double jeopardy clause of both the West Virginia [6] and United States Constitutions.[7]

any person, in any criminal case . . . be twice put in jeopardy of life or liberty for the same offence."

7. Amendment V of the United States Constitution provides, in pertinent part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]"

The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense.

Syllabus Point 1, *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977). Likewise,

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

Syllabus Point 1, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). In summary,

[t]he constitutional prohibition of putting any person twice in jeopardy for the same offense has been read to apply in three distinct situations: (1) retrial for the same offense after acquittal; (2) retrial for the same offense after conviction (serial prosecution); and (3) multiple punishments for the same offense after conviction.

*State v. Trail*, 174 W.Va. 656, 658, 328 S.E.2d 671, 673 (1985).

■ In this appeal, the appellant claims that his abduction conviction in Nicholas County was predicated upon the jury finding that he sexually assaulted the victim. The instructions given during his Nicholas County trial advised the jury of the elements of both abduction and third degree sexual assault,[8] and according to the appellant, the

State argued that "in order to convict, the jury should believe that there was indeed a sexual assault in the third degree[.]" Thus, the appellant reasons that the Nicholas County jury had to have found him guilty of third degree sexual assault, and therefore, his trial in Kanawha County on third degree sexual assault charges violated double jeopardy proscriptions. We disagree.

First, it is clear that the appellant was not subject to a second prosecution for the same offense. As set forth above, the appellant was only charged and convicted of abduction in Nicholas County. He was not and could not be subject to prosecution in Nicholas County for third degree sexual assault because that offense allegedly occurred in Kanawha County. Although sexual assault allegations were a part of the testimony at the trial in Nicholas County, the jury was not required to make a finding that a sexual assault occurred.

■ W.Va.Code § 61–2–14(b) (1984) provides:

Any person, other than the father or mother, who illegally, or for any unlawful, improper or immoral purpose other than the purposes stated in subsection (a) of this section or section fourteen-a or fourteen-c [§ 61–2–14a or § 61–2–14c] of this article, seizes, takes or secretes a child under sixteen years of age, from the person or persons having lawful charge of such child, shall be guilty of a felony, and, upon conviction thereof, shall be confined in the penitentiary not less than one nor more than ten years.

Pursuant to the plain language of the statute, an abduction occurs when a child under the

---

8. The jury was instructed during the appellant's Nicholas County trial that,

To prove the commission of abduction by [the defendant], as contained in the indictment, the state must prove each of the following elements beyond a reasonable doubt:
1. The defendant, Jimmie Meccya Williams,
2. In Nicholas County, West Virginia,
3. On or about the—day of February 1999,
4. Did seize, take or secrete
5. [V.B.] from her lawful custodian,
6. That [V.B.] was a child under sixteen years of age;
7. That the defendant, Jimmie Meccya Williams, was not the parent of [V.B.]

8. That this seizure, taking or secreting
9. Was illegal or for an unlawful purpose, to wit: of having sexual intercourse; or for an improper or immoral purpose, to wit: removing her from the supervision and care of her father and stepmother.

The unlawful purpose that the state alleges is sexual intercourse. It is illegal in this state when a person, sixteen years of age or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years of age ... and who is at least four years younger than the other person.

age of sixteen is taken or secreted for any unlawful, improper, or immoral *purpose.* In other words, this offense consists of an act of the accused, i.e., taking away or secreting, combined with a particular *intent. See State v. Hanna,* 180 W.Va. 598, 605, 378 S.E.2d 640, 647 (1989). While such specific *intent* must be proven beyond a reasonable doubt, the State does not have to show that the accused actually committed the underlying substantive crime.

The jury instructions given during the appellant's Nicholas County abduction trial were consistent with the provisions of W.Va. Code § 61–2–14(b).[9] While the State may have argued that the appellant "seized" V.B. for the purpose of sexually assaulting her, the jury was not required to find that the appellant actually committed that offense as a prerequisite to finding him guilty of abduction. Consequently, it cannot be said that the appellant was put in jeopardy twice for the same offense.

■ Likewise, it cannot be said that the appellant received multiple punishments for the same crime. In his brief, the appellant says that "the abduction in Nicholas County was the 'greater offense'; sexual assault was the 'lessor offense.' " This Court has held that,

> "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

Syllabus Point 4, *State v. Gill,* 187 W.Va. 136, 416 S.E.2d 253 (1992). *Accord* Syllabus Point 8, *State v. Zaccagnini,* 172 W.Va. 491, 308 S.E.2d 131 (1983). This Court has already determined that abduction and sexual assault are separate offenses for the purposes of the double jeopardy clause even if

they arguably arise from the "same transaction."

In *Trail, supra,* the defendant was convicted of abduction, malicious assault, and second-degree sexual assault. All charges stemmed from a single incident wherein the defendant came across a teenage boy and girl camping in the woods. The defendant hit the male youth in the head with a log and took the female youth approximately three miles further into the woods where he sexually assaulted her. The defendant argued that his convictions for both abduction and sexual assault violated double jeopardy principles. This court disagreed, finding that the defendant's convictions for abduction and sexual assault each required proof of a separate fact that the other did not. This Court explained that "[a]bduction ... required an asportation or taking away that is not an element of sexual assault; sexual assault in the second degree ... required sexual intercourse or penetration that was not an element of abduction." 174 W.Va. at 658, 328 S.E.2d at 673–74. Accordingly, the appellant's separate convictions and sentences for abduction and third degree sexual assault do not violate double jeopardy principles.

■ Next, the appellant contends that the circuit court erred by admitting the taped phone conversation between himself and V.B. into evidence at trial. The appellant contends that this evidence was inadmissible pursuant to the West Virginia Wiretapping and Electronic Surveillance Act, codified as W.Va.Code § 62–1D–1 to –16, and its federal counterpart, 18 U.S.C. § 2511. Both statutes prohibit the intentional interception of "any wire, oral or electronic communication." W.Va.Code § 62–1D–3(a)(1); 18 U.S.C. § 2511(1)(a). However, each contains an exception where one of the parties to such a communication consents to the interception. In that regard, W.Va.Code § 62–1D–3(c)(2) provides that,

> It is lawful under this article for a person to intercept a wire, oral or electronic communication where the person is a party to

---

**9.** We note that the appellant appealed his abduction conviction on October 17, 2000, and that appeal was refused by this Court on January 25, 2001. The jury instructions from the Nicholas County proceedings which have been considered

in this appeal were presented to this Court in the briefs of both the appellant and the State. The circuit court record of the Nicholas County proceedings was not presented to this Court with this appeal.

the communication or where one of the parties to the communication has given prior consent to the interception unless the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the constitution or laws of the United States or the constitution or laws of this state.

W.Va.Code § 62–1D–3(c)(2). Similarly, 18 U.S.C. § 2511(2)(d) states:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or law of the Unites States or of any State.

In this appeal, the appellant contends that the consent provisions of the statutes were not complied with because authorization to record the appellant's conversation with V.B. was given by V.B.'s stepmother instead of her father. The appellant asserts that V.B.'s stepmother has no parental or guardianship rights concerning V.B. After thoroughly reviewing the record, we find no merit to the appellant's argument because the evidence shows that the police actually obtained consent from V.B. to record the conversation. At trial, V.B. testified that she agreed to tape record a phone conversation between herself and the appellant, and that when the appellant called, she was the person who actually pushed the button on the recording machine to tape the conversation.

 In finding that consent was obtained from V.B., we reject the appellant's argument that a custodial parent of a minor child must give consent on the child's behalf to the interception of a communication between that child and a third party. This Court has held that "[a] statute is to be applied as written, not construed, where the intention thereof is made clear by the language used when considered in its proper context and as it relates to the subject matter dealt with." Syllabus Point 1, *Appalachian Electric Power Co. v. Koontz,* 138 W.Va. 84, 76 S.E.2d 863 (1953). Furthermore, "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968). Here, W.Va.Code § 62–1D–3 clearly states that consent is required of one "person [who] is a party to the communication." Moreover, W.Va.Code § 62–1D–2 (1987) defines "person" as "any person, individual, partnership, association, joint stock company, trust or corporation and includes any police officer, employee or agent of this state or of a political subdivision thereof." The statute simply contains no vicarious consent exception for minors, and we refuse to find that one exists without a statutory basis to do so.[10] *See Boyd v. Merritt* 177 W.Va. 472, 474, 354 S.E.2d 106, 108 (1986) ("This Court does not sit as a superlegislature ... [i]t is the duty of the legislature to consider facts, establish policy, and embody that policy in legislation."). We apply the same reasoning to the appellant's argument as it relates to 18 U.S.C. § 2511.

Accordingly, we find the taped conversation was admissible at trial because V.B. consented to the interception of the communication. We would note that during the oral argument of this case, the appellant's counsel questioned the voluntariness of that consent claiming that V.B. had been threatened by her parents and police officers that she would be charged with withholding evidence if she did not cooperate. Having carefully reviewed V.B.'s testimony, we find no merit to this argument. Thus, the circuit court did not err by admitting this evidence at trial.

██ Finally, the appellant asserts that he should have received credit for 640 days he

---

**10.** We note that this Court held in Syllabus Point 4 of *West Virginia Dept. of Health and Human Resources ex rel. Wright v. David L.,* 192 W.Va. 663, 453 S.E.2d 646 (1994), that:

A parent has no right on behalf of his or her children to give consent under W.Va.Code, 62–1D–3(c)(2) (1987), or 18 U.S.C. § 2511(2)(d) (1988) to have the children's conversations with the other parent recorded while the children are in the other parent's house.

spent in jail while awaiting trial in Kanawha County. In support of his assertion, the appellant relies upon this Court's holding in Syllabus Point 1 of *Martin v. Leverette*, 161 W.Va. 547, 244 S.E.2d 39 (1978) which states that,

> The Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that credit for time spent in jail, either pre-trial or post-trial, shall be credited on an indeterminate sentence where the underlying offense is bailable.

The circuit court denied the appellant credit for the time he served while awaiting his trial because the appellant was incarcerated pursuant to his Nicholas County conviction for abduction. We find no error with regard to this decision.

In *State ex rel. Roach v. Dietrick*, 185 W.Va. 23, 25 n. 5, 404 S.E.2d 415, 417 n. 5 (1991), this Court explained the reasoning for requiring that a defendant be given credit for time served while awaiting trial and/or sentencing:

> Constitutional protections are implicated because a person who is unable to make bail will be incarcerated before trial. If such person is not given credit for the jail time, a longer period of incarceration will occur than for the person who commits the same offense but is released on pretrial bail.

In this case, the appellant remained in jail while awaiting his trial in Kanawha County because he was serving his sentence for his abduction conviction, not because he was unable to make bail. Thus, the rationale for our decision in *Leverette* has no application here. Furthermore, the appellant did receive credit for the time served against his Nicholas County conviction. The appellant is simply not entitled to credit for the time served against his sexual assault sentences as well in light of the fact that the circuit court ordered him to serve those sentences consecutive to his abduction conviction.[11]

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on October 15, 2002, is affirmed.

Affirmed.