# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-0198** (Ohio County 13-F-67)

**Benjamin E. Lobb,**
**Defendant Below, Petitioner**

**FILED**

January 9, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Benjamin E. Lobb, by counsel, Samuel R. Stillwell, appeals his conviction of battery and domestic violence, and the January 24, 2014, order of the Circuit Court of Ohio County denying his motion for new trial. Respondent State of West Virginia ("the State"), by counsel, Julie A. Warren, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

On May 13, 2013, the Ohio County Grand Jury returned a two count indictment against petitioner, which included one charge of domestic violence (third offense) and one charge of malicious assault.[1] Prior to petitioner's jury trial on these charges, petitioner's counsel filed several motions, including a motion to exclude, as hearsay, portions of the statements made by the victim to medical personnel following the February 22, 2013, incident. Petitioner also filed a motion to compel the State to elect to proceed to trial on either the domestic battery charge or the malicious assault charge of the indictment, as battery was a lesser included offense of both charges. By order dated September 16, 2013, the circuit court denied both petitioner's motion to compel and motion to exclude. The case against petitioner proceeded to trial.[2]

---

[1] The indictment arose from a February 22, 2013, incident wherein petitioner was accused of striking his then girlfriend in the head and/or face. Petitioner had previously been convicted of domestic battery in 1998 and 2006.

[2] At trial, the State called two of the victim's doctors to testify regarding the victim's injuries. The doctors' testimony included mention of the verbal statements made by the victim to the doctors regarding the identity of her attacker.

1

During the presentation of its case-in-chief, the State called Sergeant DeBerry (a West Virginia State Trooper), as a witness. Sergeant DeBerry testified as to the injuries he observed on the victim during his post-incident interview of her. On cross-examination, petitioner's counsel asked Sergeant DeBerry if he was aware of any other suspects who may have caused the victim's injuries, aside from petitioner. After testifying that he did not recall, petitioner's counsel asked Sergeant DeBerry, if it would refresh his recollection if he were allowed to read the police report (which had been complied by another officer). Sergeant DeBerry replied in the affirmative.

After presenting the report to Sergeant DeBerry, and allowing him to read the report to himself, petitioner's counsel again asked Sergeant DeBerry if he was aware of any other suspects in the case, to which Sergeant DeBerry replied "Ben Lobb's girlfriend." The State subsequently moved to admit the entire police report into evidence, as the report contained statements by individuals (other than Sergeant DeBerry) who did not testify at trial. Over the objection of petitioner's counsel, the entire police report was admitted into evidence. The trial court reasoned that since petitioner had been afforded the opportunity to discuss the entire police report with a witness during a cross-examination, that, pursuant to the provisions of Rule 106 of the West Virginia Rules of Evidence, it would be unfair for the court to deny the opportunity for the State to do the same.

On September 17, 2013, the jury returned a verdict against petitioner as to both counts of the indictment. Petitioner was found guilty of domestic battery and of the lesser included charge of battery. Petitioner filed a motion for new trial, in which he argued that the circuit court erroneously permitted the entire police report to be admitted into evidence, because it prejudiced the jury against him and violated his right to confront his accuser.

On November 1, 2013, the circuit court heard petitioner's motion for a new trial and conducted a sentencing hearing. Petitioner was sentenced to not less than one, nor more than five years in the penitentiary (as to count one). The circuit court did not impose a sentence on the battery conviction (count two), as the court found that it could not sentence petitioner to both a domestic battery and a battery charge. On January 24, 2014, the trial court entered its order denying petitioner's motion for new trial. Petitioner now appeals from that order.

**Discussion**

Petitioner raises three assignments of error on appeal. First, petitioner argues that the circuit court committed clear error when it allowed the entire police report to be entered into evidence. Petitioner contends that, by allowing the entire police report to be considered by the jury, petitioner was prejudiced.[3] Petitioner further contends that the court committed clear error in

_____

[3]The police report contained several witness statements (at least one from a witness who did not testify at trial) and a reference to petitioner's prior convictions for domestic violence.

admitting the entire police report, as the report included hearsay statements.[4] With respect to the admission of evidence, this Court has held that "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds*, *State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999).

In this case, the circuit court permitted the admission of entire police report into evidence, pursuant to Rule 106 of the West Virginia Rules of Evidence.[5] A review of the record presented establishes that petitioner's counsel, prior to the admission of the police report into evidence, attempted to cross-examine Sergeant DeBerry regarding witness statements contained within the police report. The State objected to petitioner's counsel's line of questioning and argued that the witness statements were inadmissible hearsay.[6] Petitioner's counsel responded that the witness statements were not hearsay, as they were part of the "investigative file." The circuit court permitted petitioner's counsel to continue with this line of questioning with Sergeant DeBerry, after petitioner's counsel laid a foundation for the police report. At the conclusion of petitioner's counsel's line of questioning, the State's counsel requested that the entire police report be admitted into evidence. Petitioner's counsel objected and then argued that witness statements in the police report were inadmissible hearsay.

---

[4]Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." W.Va. R. of Evid. 801(c). It is inadmissible unless provided by rule. W.Va. R. of Evid. 802.

[5]Rule 106 of the West Virginia Rules of Evidence provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

Revisions to the West Virginia Rules of Evidence, including Rule 106, were approved by this Court's June 2, 2014, Order and became effective on September 2, 2014. The revised Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may request the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."

In the comment on the revisions to Rule 106, it is noted that Rule 106 is taken verbatim from its federal counterpart, except for the use of the term "request" instead of "require" in the first sentence. The comment further notes that "[t]he adverse party does not have the absolute right to place the entire writing or recorded statement in evidence." The comment cautions trial courts to "limit the introduction, by an adverse party, of any other part of a writing or recorded statement to information that is relevant or assists the jury in placing the writing or recorded statement in context."

[6]The State objected to this line of questioning as the statements on which Sargent DeBerry was being questioned were not his statements and, thus, were hearsay.

3

Regarding the admissibility of the entire police report into evidence, the circuit court reasoned as follows:

THE COURT: The statements, as I understand, are contained in a report that the defendant got into on cross-examination.

STATE'S COUNSEL: Yes.

THE COURT: And argued that it was not hearsay, presumably because it constituted the police report exception, and I instructed counsel to lay a foundation. He proceeded to do that and the report was discussed at length. Now, I don't – I think it would be fundamentally unfair for me to now tell the State they can't discuss it when you were permitted to on your cross.

The circuit court reasoned that if the witness statements, which were the basis of petitioner's counsel's objection, were contained in the police report about which petitioner's counsel was permitted to question Sergeant DeBerry extensively during cross-examination, then the entire police report was admissible. We agree with the circuit court's ruling and find no clear error or abuse of discretion in permitting the admission of the entire police report into evidence.[7]

Petitioner did not object to the admissibility of the testimony concerning the evidence in the police report that he believed was helpful to his case (the witness statements referring to other possible suspects), but sought to restrict the jury's access to the remainder of the police report that disputed this evidence. We concur with the circuit court's reasoning that, in fairness, the State was permitted to introduce the entire report so that the statements highlighted by petitioner's counsel could be placed in context of the entire police investigation.

Second, petitioner argues that the circuit court erred in its denial of his pre-trial motion to elect. In denying his motion to elect, the circuit court permitted petitioner to be tried on both counts of the indictment (malicious assault--with its lesser included offense of battery--and domestic battery), which petitioner contends was tantamount to double jeopardy. Upon our review, we disagree with petitioner.

Double jeopardy claims are reviewed under a de novo standard. *State v. Williams*, 215 W.Va. 201, 599 S.E.2d 624 (2004). In syllabus point 7 of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992), we ruled that "a claim that double jeopardy has been violated based on multiple punishments imposed after a single trial is resolved by determining the legislative intent as to punishment." The analysis of the legislative intent "should look initially at the language of the

---

[7]We note that petitioner's counsel did not make any argument, in his appellate brief or otherwise referenced in the record, that the admission of the entire police report (which reportedly contained references to petitioner's previous domestic violence convictions) constituted the admission of improper other bad act evidence. Accordingly, that issue is not properly before us and we do not address any such arguments in this decision. Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981).

involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes," and absent a clear legislative intent, "the court should analyze the statutes under the test set forth in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180 (1932)." *Id.* at 138, 416 S.E.2d at 255, syl. pt. 8, in part.[8]

As to the domestic violence (third offense), the State must show that petitioner had been convicted on two prior occasions of domestic violence/domestic battery, and that a relationship existed between petitioner and the victim.[9] In order to prove malicious assault, the State must prove that when petitioner caused the victim bodily injury, that he did so with the requisite intent to "maim, disfigure, disable or kill" the victim.[10] Charges of domestic violence (third offense) and malicious assault arise from two distinct statutory provisions and require proof of different facts. For this reason, we find that the circuit court did not abuse it's discretion in denying petitioner's motion to elect.

Petitioner's third and final assignment of error is that the circuit court abused its discretion in denying petitioner's motion to preclude the State's medical witnesses from testifying as to the identity of the person the victim named as causing her injuries. Petitioner alleged that the victim's statements to medical personnel (identifying her attacker) were hearsay and had nothing to do with any treatment the victim received. Conversely, the State argued that the doctor's statements regarding the victim's identification of petitioner as her attacker were admissible, pursuant to Rule 803(d) of the West Virginia Rules of Evidence.[11]

---

[8]In *Blockburger*, the United States Supreme Court found that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

[9]The elements for domestic violence, third offense, are set forth in West Virginia Code § 61-2-28(d), and provide that: "[a]ny person who has been convicted of a third or subsequent violation of the provisions of subsection (a) [domestic battery] or (b) [domestic assault] of this section. . . .where the victim was a current or former spouse, current or former sexual or intimate partner . . . , is guilty of a felony if the offense occurred within ten years of a prior conviction of any of these offenses. . . ."

[10]The elements of malicious assault, set forth in West Virginia Code § 61-2-9(a), in pertinent part, differ from domestic violence, third offense:

> If any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. . . .

[11]Rule 803(d) of the West Virginia Rules of Evidence directs that statements made for medical diagnosis or treatment are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness. Rule 803(d) defines such a statement as "[a]

As noted above, "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 10, *State v. Huffman,*141 W.Va. 55, 87 S.E.2d 541 (1995). Under the limited circumstances of the case before us, we find that it was not an abuse of the circuit court's discretion to deny petitioner's motion to preclude the State's medical witness from testifying that the victim, during the course of her medical treatment, identified petitioner as her attacker.

In syllabus point 4 of *State v. Helmick*, 201 W.Va. 163, 165, 495 S.E.2d 262, 264, (1997), we held that "[a]n error in admitting hearsay evidence is harmless where the same fact is proved by an eyewitness or other evidence clearly establishes the defendant's guilt." In this case, the victim identified petitioner at trial as having beaten her on the date in question; therefore, any error that arose from the circuit court's allowance of the alleged hearsay testimony of the victim's doctors was harmless.

For the foregoing reasons, we conclude that the circuit court did not err in denying petitioner's motion for new trial. Accordingly, we affirm.

Affirmed.

**ISSUED:** January 9, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

statement that: (1) is made for – and is reasonably pertinent to – medical diagnosis or treatment; and (2) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Revisions to the West Virginia Rules of Evidence, including Rule 803(d), were effective on September 2, 2014.