# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0757** (Berkeley County CC-02-2017-F-22)

**Dion S. Hite,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dion S. Hite, by counsel Jason M. Stedman, appeals the Circuit Court of Berkeley County's August 3, 2017, order sentencing him to an effective term of four to fifteen years of incarceration following his burglary of a non-dwelling, petit larceny, misdemeanor destruction of property, and conspiracy convictions. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in failing to credit him with time served prior to his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 25, 2017, pursuant to a plea agreement with the State, petitioner pled no contest to burglary of a non-dwelling, petit larceny, misdemeanor destruction of property, and conspiracy to commit burglary. The circuit court sentenced petitioner on July 25, 2017, to not less than one nor more than ten years of incarceration for his burglary of a non-dwelling conviction; one year for his petit larceny conviction; one year for his misdemeanor destruction of property conviction; and not less than one nor more than five years for his conspiracy conviction. The circuit court ordered that these sentences run consecutively to one another and to any other sentences petitioner was serving. On August 3, 2017, the circuit court entered its order detailing these sentences, and it is from this order that petitioner appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). Further, "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable." Syl. Pt. 6, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002).

1

Petitioner's lone assignment of error on appeal is that the circuit court erred in denying him credit for time served prior to his convictions. Petitioner asserts that he was "incarcerated during the pendency of this matter for a significant period of time and was not given the credit for that time served."

Petitioner's argument obscures relevant facts. The record on appeal reveals that, on December 15, 2016, the date on which petitioner was arrested for the charges underlying the instant appeal, he was arrested on two sets of other, unrelated charges. On May 2, 2017, petitioner was sentenced to six months in jail on one set of unrelated charges, which commenced on the date of his arrest. On May 18, 2017, petitioner was sentenced to time served on the other set of unrelated charges. Petitioner's six-month sentence ended on June 15, 2016, and this date is petitioner's effective sentence date for the charges underlying this appeal. In short, the time petitioner spent incarcerated awaiting sentencing in the instant matter was in service of a sentence imposed for an unrelated charge. We have previously upheld circuit court orders denying credit for time served where that time was served for an unrelated conviction. *State v. Williams*, 215 W.Va. 201, 599 S.E.2d 624 (2004) (finding no error in circuit court's denial of credit for time served awaiting trial where the defendant was serving a sentence for unrelated conviction); *State v. Wears*, 222 W.Va. 439, 665 S.E.2d 273 (2008) (finding no error in denying request for time served between State's voluntary dismissal of an indictment and defendant's re-indictment because time in custody was on unrelated charges). Accordingly, there is no merit to petitioner's argument, and the circuit court did not abuse its discretion in sentencing him.

For the foregoing reasons, the circuit court's August 3, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating