# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0860 (**Berkeley County 18-F-174)

**Jonathan T. Miller,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jonathan T. Miller, by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's July 23, 2020, order denying petitioner's motion for a correction of sentence. Respondent the State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 18, 2017, a criminal complaint was filed against petitioner alleging that he committed felony malicious wounding on December 17, 2017.[1] A magistrate issued an arrest warrant against petitioner, and he was taken into custody on December 18, 2017, for a parole violation stemming from the malicious wounding charge. On January 3, 2018, he was charged with misdemeanor domestic battery, which arose out of conduct occurring in October of 2017. At that time, petitioner remained in the custody of the Department of Corrections for his December of 2017 parole violation.[2] In May of 2018, petitioner was indicted on one count of malicious assault (count one) and three counts of third offense domestic battery (counts two through four), with counts one and two stemming from an incident in December of 2017 and counts three and four

---

[1] The initial charging documents are not contained in the record. The pre-sentence investigation report indicates that petitioner was charged with malicious wounding, but he was indicted of malicious assault so it is unclear what the initial charges were in the criminal complaint.

[2] The Division of Corrections and Rehabilitation was established within the Department of Military Affairs and Public Safety effective July 1, 2018. W. Va. Code § 15A-3-2.

stemming from an incident in October of 2017.

Petitioner was tried before a jury in November of 2018 and was convicted of two counts of third offense domestic battery; he was found not guilty of the remaining charges. On January 15, 2019, the State filed an information alleging that petitioner had previously been convicted of the felony offense of fleeing from an officer in a vehicle with reckless indifference so it was seeking enhancement of his penalty. The parties entered into an agreement whereby petitioner's sentence would be enhanced upon his conviction for one count of third offense domestic battery, making that sentence not less than two nor more than five years. As set forth in that agreement, those sentences would be served consecutively for an aggregate sentence of not less than three nor more than ten years in the penitentiary.

A probation officer prepared the pre-sentence investigation report, noting that the effective date of sentencing was May 17, 2018. The report indicated that petitioner was in the custody of the Department of Corrections immediately prior to that date. During the sentencing hearing, petitioner informed the circuit court that he did not have any objections to the findings in the report. The circuit court entered its February 15, 2020, sentencing order setting forth "in all capitals and in bold print that [petitioner's] effective date of sentence was 5/17/2018. [Petitioner] entered no timely objection to [that] order."[3]

In May of 2020, petitioner filed a motion for a correction of his sentence, asserting that he had been incarcerated on the charges since December 18, 2017. According to the circuit court's July 23, 2020, order denying petitioner's motion for a correction of sentence, the State independently conferred with Kathy Camblin of the Eastern Regional Jail who researched petitioner's records and found, just as the probation officer found, that between December 18, 2017, and May 17, 2018, petitioner was in the custody of the Department of Corrections for violating the terms of his parole for the charge of fleeing from an officer with reckless indifference. The circuit court also found that petitioner was outside of the time limits to seek a reduction in sentence, pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure, so petitioner was not entitled to relief. The circuit court denied the motion for a correction of sentence, and petitioner appeals from the denial of that motion.

We have previously set forth the following standards of review applicable to this case:

1.    "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus point 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Tex B.S.*, 236 W. Va. 261, 778 S.E.2d 710 (2015).

---

[3] This finding was set forth in the circuit court's July 23, 2020, order denying petitioner's motion for a correction of his sentence.

On appeal, petitioner sets forth a single assignment of error—the circuit court committed plain and prejudicial error by failing to give petitioner credit for time served upon his sentence of incarceration for the time period of December 18, 2017, to May 17, 2018, under Rule 35(a) and 35(b) of the West Virginia Rules of Criminal Procedure. In support of that alleged error, petitioner acknowledges that his motion was actually filed under Rule 35(b), because he concedes that it was filed outside of the statutorily mandated 120-day timeframe and argues only that he should have been given the requested credit for time served, not that his sentence was illegal. However, he contends that his motion should have been granted because its consideration "certainly served the ends of justice . . . ." According to petitioner, the event that triggered petitioner's parole revocation and the new conviction against him for domestic battery third offense arose from the same transaction or occurrence—the events of December 17, 2017. He further contends,

> [g]iven the fact that [that count] was the basis for [the] application of our recidivist law under W.Va. Code § 61-11-18 as well at [p]etitioner's incarceration from [] December 18, 2017 to May 17, 2018 for his parole revocation, the [c]ircuit [c]ourt should have exercised its discretion and granted him this partial concurrence of sentences which only amounted to six (6) months. This is especially true as his sentences were to run consecutively pursuant to his agreement with the State.

At the outset, we note that petitioner's brief argument as to his only assignment of error falls woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as the argument lacks any citation to the record. That rule provides that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*Id.* Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

Importantly, petitioner does not dispute that his Rule 35(b) motion was not timely filed. Further, petitioner has failed to allege or advance any argument as to why such delay constitutes "excusable neglect." Moreover, petitioner is not eligible for credit for time served on the third offense domestic violence convictions because he was not convicted of the offense on which the initial parole violation was predicated, which was malicious wounding. This Court has found that West Virginia Code § 61-11-24 allows for granting of credit for time served only "on a sentence imposed by the court for the term of confinement 'awaiting such trial and conviction.'" Syl. Pt. 3,

3

in part, *State ex rel. State v. Sims*, 240 W. Va. 18, 807 S.E.2d 266 (2017). In addition, "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable." Syl. Pt. 6, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002). While "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that credit for time spent in jail, either pre-trial or post-trial, shall be credited on an indeterminate sentence where the underlying offense is bailable[,]" where a criminal defendant is already incarcerated and serving another sentence, this rule is inapplicable. Syl. Pt. 1, *Martin v. Leverette*, 161 W. Va. 547, 244 S.E.2d 39 (1978); *see State v. Williams*, 215 W. Va. 201, 208, 599 S.E.2d 624, 631 (2004).

When petitioner was on parole for fleeing from law enforcement with reckless indifference, he was charged with malicious assault in December of 2017. In January of 2018, he was found to be in violation of the terms of his parole and was ordered to serve the balance of his sentence for fleeing. While petitioner was already in the custody of the Department of Corrections for his parole violation, he was also charged with domestic battery third offense. He went to trial on the charges and was convicted of third offense domestic battery, as a result of which he was sentenced to two to five years and one to five years. The State argues that it is clear petitioner's parole violation and domestic battery convictions are unrelated. We agree. For the reasons set forth herein, we affirm the circuit court's denial of petitioner's untimely motion for a correction of his sentence.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn